GREGORY A. DOUGLAS, ESQ. (SBN 147166)
JAMIE McCRARY, ESQ. (SBN 287023)
LAW OFFICES OF GREGORY A. DOUGLAS
5500 Bolsa Ave., Ste. 201
Huntington Beach, CA 92649
Tel.: (562) 252-8800
Fax: (562) 256-1006
greg@gdouglaslaw.com

Attorneys for PLAINTIFF(s)
MARIA GREGORY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

FEB -1 2018

BY _____
ASHLEY MULCAHY, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

MARIA GREGORY, an individual,

PLAINTIFF,

vs.

CR ENGLAND, INC., a corporation; DOES 1-10, business entit(ies), form(s) unknown; DOES 11-20, individual(s); and DOES 21-30, inclusive,

Defendant(s).

Case No. CIVDS1802569

**COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES**

1. Failure to Pay Overtime [Lab. C. §§ 510, 558, 1194, 1198 and IWC Orders];
2. Failure to Maintain Records [Lab. C. §§ 558, 1174, & 1174.5];
3. Failure to Provide Accurate Itemized Statements [Lab. C. §§ 226, 226.3, & 558];
4. Failure to Pay Wage on Established Paydays [Lab. C. §§ 204, & 210];
5. Failure to Provide Meal Periods and Rest Periods Lab. C. §§226.7 and 512];
6. Failure to Pay all Wages at Time of Discharge [Lab. C. §§ 201, 202, 203, 227.3, & 558];
7. Unfair Competition [B&PC § 17200-*et seq.*].

BY FAX

**COMES NOW** PLAINTIFF MARIA GREGORY ("PLAINTIFF") complains and alleges against the above-named DEFENDANTS CR ENGLAND, INC., DOES 1-10, DOES 11-20, and

DOES 21-30, inclusive (collectively "DEFENDANTS") (collectively "DEFENDANTS"), and each of them, for causes of action as follows:

## GENERAL ALLEGATIONS

1. PLAINTIFF, bring this action against DEFENDANTS, and each of them, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's fees, restitution, penalties, and other appropriate relief for DEFENDANTS, and each of their violations of the Orders of the Industrial Welfare Commission applicable to PLAINTIFF's' industry and occupation, including, but not limited to, Wage Order No. 4-2001 (collectively "Wage Orders"), and various sections of the California Labor Code ("Labor Code") as alleged in this Complaint, and California Business & Professions Code §§ 17200-et seq.

2. Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and PLAINTIFF seeks a permanent injunction according to California Code of Civil Procedure ("CCP") § 580 (b)(2).

3. Whenever, in this Complaint, a reference is made to "and each of them" when referring to DEFENDANTS, such allegation shall be deemed to mean the referenced DEFENDANTS individually, jointly, and/or severally.

4. Whenever, in this Complaint, a reference is made to "at all relevant times," such allegation shall be deemed to mean PLAINTIFF's employment with DEFENDANTS, and each of them, starting from the four year period preceding the filing of this Complaint through and including the date of termination of the employment relationship between PLAINTIFF and DEFENDANTS, and each of them, respectively.

## THE PARTIES

5. MARIA GREGORY ("GREGORY") is and, at all relevant times herein, was a resident of Riverside County, State of California. At all relevant times herein, GREGORY was employed by DEFENDANTS, and each of them, in the State of California.

6. PLAINTIFF is informed and believes, and on that basis alleges, that Defendant CR ENGLAND, INC. ("CR ENGLAND"), is and, at all relevant times herein, was a business corporation

organized, existing, and authorized to do business under the laws of the State of California, and doing business at 2250 S Riverside Ave, Colton, in the County of San Bernardino, State of California. At all relevant times herein, CR ENGLAND was the employer of PLAINTIFF, in the State of California.

7. PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-10, but is informed and believes that DOES 1-10 are business entities (form unknown) and employers (joint or otherwise) of PLAINTIFF. PLAINTIFF is ignorant of the true names and residences of DEFENDANTS sued herein as DOES 11-20, but is informed and believes that DOES 11-20 are natural persons (individuals) and employers (joint or otherwise) of PLAINTIFF. PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 21-30. Based upon the foregoing, PLAINTIFF sues DOES 1-10, DOES 11-20, and DOES 21-30 (collectively "DOE DEFENDANTS") by such fictitious names and capacities. PLAINTIFF will amend this complaint to show said DOE DEFENDANTS' true names and capacities when they have been ascertained. PLAINTIFF is informed and believes, and on that basis allege, that each of the DOE DEFENDANTS acted wrongfully, maliciously, intentionally and negligently; violated the Wage Orders and the Labor Code as alleged in this Complaint; that each is legally responsible in some manner for the events, happenings, and/or occurrences alleged in this Complaint; and that the injuries and damages of PLAINTIFF were proximately caused by DOE DEFENDANTS, either through their own conduct or through the conduct of their agents and/or employees.

8. PLAINTIFF is informed and believes, and on that basis alleges, that, at all relevant times herein DEFENDANTS, and each of them, maintained offices, operated businesses, employed persons, conducted business in, and paid employees by illegal payroll practices and policies in the County of San Bernardino.

9. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, is, and at all times relevant hereto was, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by PLAINTIFF, and did transact and

conduct business in the State of California, and are thus subject to the jurisdiction of all laws, regulations and court decisions rendered by the State of California.

## AGENCY ALLEGATIONS

10. PLAINTIFF is informed and believes, and thereon alleges, that, at all relevant times herein, DEFENDANTS, and each of them, were the partner, officer, director, agent, employee, servant and/or representative of each of the remaining DEFENDANTS, and in doing the things as alleged in this Complaint, were acting within the course, scope, and/or authority of such agency, service, employment, partnership and/or joint venture, and with the consent, knowledge, approval and ratification of each of the other DEFENDANTS.

11. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein:

   a. Managed the business for which PLAINTIFF was employed;
   b. Exercised and/or employed direct control over the wages, hours, and working conditions of PLAINTIFF, whether personally or through an agent or any other person;
   c. Exercised and/or employed indirect control over the wages, hours, and working conditions of PLAINTIFF, whether personally or through an agent or any other person;
   d. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the misclassification and/or wrongful treatment of PLAINTIFF as an exempt employee for purposes of exemption from the applicable Wage Orders and/or Labor Code;
   e. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which are in violation of the applicable Wage Orders and/or Labor Code, as alleged in this Complaint, and incorporated herein by reference;

f. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which caused the other DEFENDANTS, and each of them, to violate the applicable Wage Orders and/or Labor Code, as alleged in this Complaint, and incorporated herein by reference;

g. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which have operated to the injury and prejudice of PLAINTIFF, as alleged in this Complaint, and incorporated herein by reference;

h. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was in violation of the applicable Wage Orders and/or Labor Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the applicable Wage Orders and/or Labor Code as alleged in this Complaint, and incorporated herein by reference;

i. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control caused the other DEFENDANTS, and each of them, to violate the applicable Wage Orders and/or Labor Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the applicable Wage Orders and/or Labor Code by the other DEFENDANTS, and each of them, as alleged in this Complaint, and incorporated herein by reference;

j. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was injuring PLAINTIFF and he/she/it failed to take or order appropriate action to avoid the harm;

k. Acting in concert, knowingly and willfully conspired among themselves and agreed to and did institute a plan pursuant to which the DEFENDANTS, and each of them, required PLAINTIFF to work unpaid overtime hours notwithstanding the fact that

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

PLAINTIFF was not exempt from the requirement to pay overtime compensation under any applicable exemption under the Wage Orders and/or Labor Code;

l. Furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of each of the other DEFENDANTS, and each of them, including, but not limited to, their refusal and failure to ensure proper payment of wages to PLAINTIFF and instead voting for or otherwise approving continuing unlawful wage practices, refusing to properly investigate and ensure PLAINTIFF was treated in compliance with the applicable Wage Orders and Labor Code, as alleged in this Complaint, and instead voting for or otherwise approving continued violations of the applicable Wage Orders and Labor Code and breaches of duty.

## ALTER EGO ALLEGATIONS

12. PLAINTIFF is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the DEFENDANTS was the alter ego of the remaining DEFENDANTS, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining DEFENDANTS. PLAINTIFF is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between one or more of DEFENDANTS herein and one or more of the other DEFENDANTS herein, such that any individuality and separateness between said DEFENDANTS has ceased, and the said other DEFENDANTS, and each of them, was at all times relevant to PLAINTIFF's claim, the alter ego of and all other DEFENDANTS.

13. PLAINTIFF is informed and believes, and on that basis alleges, that the Court's adherence to the fiction of the separate existence of any or all DEFENDANTS as entities distinct from the other DEFENDANTS would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said DEFENDANTS, and each of them, have defaulted on their individual and collective obligations to PLAINTIFF under California law.

14. PLAINTIFF is informed and believes, and on that basis alleges, that one or more of DEFENDANTS herein was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other DEFENDANTS and in that the activities and

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

business of the other DEFENDANTS was carried on without the holding of director's or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

15. PLAINTIFF is informed and believes, and on that basis alleges, that one or more of DEFENDANTS herein, and all other business entity DEFENDANTS herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other business entity DEFENDANTS herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by DEFENDANTS, said capitalization was inadequate to do business properly and legally under California law.

16. At all relevant times herein, DEFENDANTS, and each of them, were subject to the Labor Codes of the State of California, and to the existing and applicable Wage Orders.

## FACTS COMMON TO ALL CAUSES OF ACTION

17. At all relevant times herein, the employment of PLAINTIFF was subject to the provisions of the Labor Code and to the Wage Orders. At all relevant times herein, the Wage Orders applied to the wages, hours, and working conditions of PLAINTIFF employed by DEFENDANTS, and each of them.

18. GREGORY was employed as a Customer Service Representative with DEFENDANTS, and each of them, continuously from on or about June 2012 until termination of the employment relationship on or about January 11, 2018. GREGORY's job title did not necessarily accurately describe the work performed.

19. At all relevant times, GREGORY was not primarily engaged (more than 50 percent of the time) in duties that meet any of the exemptions as defined in the Wage Orders and Labor Code. At all relevant times, GREGORY was a non-exempt employee entitled to the protections of the Wage Orders and Labor Code as alleged in this Complaint, and incorporated herein by reference.

20. At all relevant times herein, GREGORY routinely worked in excess of eight (8) hours per day and forty (40) hours per week. At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for GREGORY showing when GREGORY began and ended each work period.

LAW OFFICES OF
GREGORY A.
DOUGLAS

21. At all relevant times herein, GREGORY was typically paid a wage, without regard to the amount of hours actually worked by GREGORY ("Wage Rate").

22. By failing to properly record the actual hours worked by GREGORY, and paying to GREGORY the Wage Rate regardless of hours worked by GREGORY, DEFENDANTS, and each of them, routinely and systematically failed to compensate GREGORY for all wages to which GREGORY was entitled.

23. PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times herein, GREGORY was entitled to an hourly rate of pay of approximately $24.55 per hour.

24. DEFENDANTS, and each of them, routinely and systematically failed to pay to PLAINTIFF all wages owed for all hours actually worked. PLAINTIFF complained to DEFENDANTS, and each of them, about this fact, to no avail.

25. Throughout PLAINTIFF's employment, DEFENDANTS, and each of them, failed to provide PLAINTIFF with accurate itemized wage statements showing the correct number of hours worked by PLAINTIFF at the effective regular and overtime rates of pay applicable to those hours worked.

26. On or about November 1, 2017, PLAINTIFF sent a letter to CR ENGLAND requesting to inspect or copy PLAINTIFF's employment records, as soon as practicable, but no later than 21 calendar days from the date of the request.

27. As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Codes and Wage Orders, PLAINTIFF has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage, respectively, in amounts according to proof at trial.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime – Labor Code §§ 510, 558, 1194, 1198 and Section 3 of the Applicable Wage Orders Against All DEFENDANTS)**

28. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

29. Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation, DEFENDANTS, and each of them, were required to compensate PLAINTIFF overtime compensation at prescribed hourly overtime rates for all overtime hours actually worked.

30. At all relevant times herein, DEFENDANTS, and each of them, have failed and refused to properly calculate overtime compensation to PLAINTIFF as required by law.

31. At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for PLAINTIFF, showing when PLAINTIFF began and ended each work period.

32. At all relevant times herein, DEFENDANTS, and each of them, paid PLAINTIFF's Wage Rate regardless of the actual hours worked.

33. By failing to properly record the actual hours worked by PLAINTIFF, and paying to PLAINTIFF the Wage Rate regardless of the actual hours worked, DEFENDANTS, and each of them, routinely and systematically failed to pay PLAINTIFF for the premium pay for all of PLAINTIFF's overtime hours as required by Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation.

34. At all relevant times herein, DEFENDANTS, and each of them, failed and refused to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations. Specifically, DEFENDANTS, and each of them, failed to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day, forty (40) hours per week, and/or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek at one and one-half (1½) times the regular rate of pay; and/or double-time hours for hours worked in excess of twelve (12) hours per day and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive workday.

35. As a direct and proximate result of the willful, knowing, and intentional violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and days of work by DEFENDANTS, and each of them, PLAINTIFF has been damaged in that the PLAINTIFF has not received all wages due and owing, and has suffered, and continues to suffer losses related to the use

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage in amounts according to proof at trial.

36. As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and days of work, PLAINTIFF is entitled, pursuant to Labor Code § 1194(a), to recover the unpaid balance of the full amount of this overtime wage compensation due, including interest thereon, together with reasonable attorney's fees and costs of suit.

37. Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated Labor Code § 510 and/or section 3 of the Wage Orders, regulating hours and days of work.

38. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

39. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were PLAINTIFF's "employer" as defined by the Wage Orders for purposes of violations of Wage Orders alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF. The Wage Orders define "employer" as any person "who directly or indirectly, or through an agent or any other person, employs or exercises control over wages, hours, or working conditions of any person."

40. As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 510 and/or section 3 of the Wage Orders, PLAINTIFF is entitled, pursuant to Labor Code § 558to recover a penalty of $50 for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages for any initial violation; and $100 for each underpaid employee for each pay period for which the employee is underpaid in additional to an amount sufficient to recover unpaid wages for each subsequent violation.

LAW OFFICES OF
GREGORY A.
DOUGLAS

## SECOND CAUSE OF ACTION

### (Failure to Maintain Records - Labor Code §§ 558, 1174, and 1174.5, Against CR ENGLAND, DOES 1-10, and DOES 11-20)

41. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

42. Labor Code § 1174 (c) and (d) requires employers to keep records showing the names and addresses of all employees employed and the ages of all minors, and to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records are required to be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

43. At all relevant times herein, CR ENGLAND, DOES 1-10, and DOES 11-20 knowingly, intentionally, and willfully violated Labor Code § 1174 (c) and (d) by knowingly, intentionally, and willfully failing to keep accurate and complete payroll records reflecting the number of hours worked daily by PLAINTIFF and the wages paid to PLAINTIFF.

44. Labor Code § 1174.5 provides that any person employing labor who willfully fails to maintain the records required by Labor Code § 1174 (c), or accurate and complete records required by Labor Code § 1174 (d), shall be subject to a civil penalty in the amount of $500.

45. Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

46. PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

47. As a direct and proximate result of the willful conduct of CR ENGLAND, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 558, 1174 (c) and (d), PLAINTIFF is entitled to an award of a civil penalty in the amount of $500 pursuant to Labor Code § 1174.5.

### THIRD CAUSE OF ACTION

**(Failure to Provide Accurate Itemized Statements - Labor Code §§ 226, 226.3, and 553 Against CR ENGLAND, DOES 1-10, and DOES 11-20)**

48. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

49. Labor Code § 226(a) requires employers, semimonthly or at the time of each payment of wages, to furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units and rates, if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

50. Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

51. PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

52. At all relevant times herein, CR ENGLAND, DOES 1-10, and DOES 11-20 knowingly and intentionally violated Labor Code § 226 by knowingly and intentionally failing to provide PLAINTIFF with properly and accurately itemize statements reflecting the number of hours worked by PLAINTIFF at the effective regular rates of pay and the effective overtime rates of pay.

53. As a direct and proximate result of the conduct of CR ENGLAND, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF has suffered injury. These injuries

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

include, but are not limited to, costs expended calculating PLAINTIFF's actual hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, which are difficult to estimate.

54. As a direct and proximate result of the conduct of CR ENGLAND, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurred, and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees.

55. Labor Code § 226.3 provides that any employer who violates Labor Code § 226(a), or who fails to keep the records required in Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation.

56. As a direct and proximate result of knowing and intentional conduct of CR ENGLAND, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226, PLAINTIFF is entitled to an award of civil penalties pursuant to Labor Code § 226.3.

## FOURTH CAUSE OF ACTION

**(Failure to Pay Wage on Regularly Established Paydays– Labor Code §§ 204 and 210 Against All DEFENDANTS)**

57. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

58. Labor Code § 204 provides in part that "all wages,…,earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays…"

59. At all relevant times herein, DEFENDANTS, and each of them, failed to pay to PLAINTIFF, on regularly established paydays, all earned wages to which PLAINTIFF was entitled, respectively, under the Labor Code and applicable Wage Orders, as alleged in this Complaint, and incorporated herein by reference.

60. In violation of Labor Code § 204, DEFENDANTS, and each of them, at all relevant times herein, willfully and intentionally refused to perform their obligations to compensate PLAINTIFF for all wages earned.

61. Labor Code § 210 provides for a civil penalty to be assessed against "every person" who fails to pay the wages of each employee as provided in Labor Code § 204.

62. PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were "person[s]" under Labor Code § 210 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

63. As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 204, PLAINTIFF is entitled, pursuant to Labor Code § 210 to recover a penalty of $100 for failure to pay each employee for the initial violation; and $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld for each subsequent violation, or any willful or intentional violation.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Meal Periods and Rest Periods – Labor Code §§ 226.7 and 512 Against CR ENGLAND, DOES 1-10, and DOES 11-20)**

64. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

65. Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

66. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

67. CR ENGLAND, DOES 1-10, and DOES 11-20 intentionally and improperly denied meal periods to PLAINTIFF in violation of Cal Lab. Code §§ 226.7 and 512.

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

68. At all relevant times hereto, PLAINTIFF, worked more than five hours in a workday. At all relevant times hereto, CR ENGLAND, DOES 1-10, and DOES 11-20 has failed to provide meal periods as required by Cal. Lab Code §§ 226.7 and 512.

69. Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take "rest periods at the rate often (10) minutes net rest time per four (4) hours of work."

70. Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

71. CR ENGLAND, DOES 1-10, and DOES 11-20 has intentionally and improperly denied rest periods to PLAINTIFF in violation of Cal. Lab. Code §§ 226.7 and 512.

72. By virtue of CR ENGLAND, DOES 1-10, and DOES 11-20 unlawful failure to provide meal and rest periods to PLAINTIFF, PLAINTIFF has suffered, and will continue to suffer, damages in the amounts which are presently unknown to PLAINTIFF and which will be ascertained according to proof at trial.

73. PLAINTIFF is informed and believes, and based upon that information and belief alleges, CR ENGLAND, DOES 1-10, and DOES 11-20 knows or should have known that PLAINTIFF was entitled to meal and rest periods but purposefully elected not to provide these mandated periods.

### SIXTH CAUSE OF ACTION
**(Failure to Pay all Wages at Time of Discharge - Labor Code §§ 201, 202, 203, 227.3, and 558 Against CR ENGLAND, DOES 1-10, and DOES 11-20)**

74. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

75. Labor Code § 201(a) provides "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately..."

76. Labor Code § 202(a) provides "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF GREGORY A. DOUGLAS

77. Labor Code § 227.3 provides "…whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served…"

78. Upon termination of PLAINTIFF's employment relationship, CR ENGLAND, DOES 1-10, and DOES 11-20 willfully failed and refused to timely pay to PLAINTIFF, pursuant to Labor Code §§ 201(a) and 202(a), respectively, all wages earned as alleged in this Complaint, and incorporated herein by reference.

79. Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

80. PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

81. CR ENGLAND, DOES 1-10, and DOES 11-20 continue to willfully fail and refuse to pay to PLAINTIFF all wages earned as alleged in this Complaint, and incorporated herein by reference.

82. As a direct and proximate result of the willful conduct of CR ENGLAND, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 201, 202, and 227.3, PLAINTIFF is entitled, pursuant to Labor Code § 203, to recover waiting time penalties, calculated as a continuance of PLAINTIFF's wages from the due date of the wage at the same rate until paid or until an action therefore is commenced, up to and including 30 days.

### SEVENTH CAUSE OF ACTION
**(For Unfair Competition in Violation of Unfair Business Practices- Business & Professions Code §§ 17200 et. seq. Against All DEFENDANTS)**

83. PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

84. California Business & Professions Code §§ 17200-et seq. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

85. The conduct by DEFENDANTS, and each them, as alleged herein, have been and continue to be unfair, unlawful, and deleterious to PLAINTIFF herein. PLAINTIFF hereby seeks to enforce important rights within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFF is a "person" within the meaning of the Business & Professions Code § 17204, and therefore possesses standing to bring this suit for injunctive relief and restitution.

86. It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

87. Through the conduct alleged herein, DEFENDANTS, and each of them, acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving PLAINTIFF herein, of the rights, benefits, and privileges guaranteed to employees under California law.

88. DEFENDANTS, and each of them, regularly and routinely violated the Wage Orders and Labor Code with respect to PLAINTIFF as alleged in this Complaint, and incorporated herein by reference.

89. DEFENDANTS, and each of them, regularly and routinely failed to provide PLAINTIFF adequate meal and rest breaks as required by the applicable Wage Order of the Industrial Welfare Commission and California Labor Code § 226.7. DEFENDANTS acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

90. By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-et. seq., DEFENDANTS, and each of them, harmed PLAINTIFF herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

91. Under Business & Professions Code § 17203, PLAINTIFF is entitled to obtain restitution of these funds from CR ENGLAND, DOES 1-10, and DOES 11-20 on behalf of herself and

others affected by the unfair business practices of DEFENDANTS, and each of them, as enumerated herein.

92. Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent DEFENDANTS, and each of them, from continuing to engage in the unfair business practices as alleged herein. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS, and each of them, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. PLAINTIFF has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief. The above-described acts will cause great and irreparable damage to PLAINTIFF herein, unless DEFENDANTS, and each of them, are restrained from committing further illegal acts.

93. PLAINTIFF's success in this action will result in the enforcement of important rights. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. PLAINTIFF, individually and by and through counsel, has incurred and continues to incur a financial burden in pursuing this action. PLAINTIFF further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore, PLAINTIFF seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

WHEREFORE, PLAINTIFF respectfully prays this Court enter judgment in favor of PLAINTIFF, and against DEFENDANTS, and each of them, as follows:

1. For compensatory damages as may be established according to proof at trial;
2. For all unpaid wages as may be established according to proof at trial;
3. For liquidated damages as may be established according to proof at trial;
4. For prejudgment and post-judgment interest on all damages awarded, at the legal rate;
5. For all statutory and civil penalties as may be established according to proof at trial;
6. Damages for meal premiums not paid to PLAINTIFF in an amount to be determined at trial;
7. For reasonable attorney's fees;

8. For costs of suit incurred;

9. For restitution of all monies due to PLAINTIFF, and disgorgement of profits from the unlawful business practices of DEFENDANTS, and each of them;

10. For a preliminary and permanent injunction ordering DEFENDANTS, and each of them, to cease such unlawful and unfair practices as alleged hereinabove and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations; and

11. For such other and further relief as the Court deems just and proper.

DATED: February 1, 2018　　　　　　　　　　**LAW OFFICES OF GREGORY A. DOUGLAS**

*Gregory A. Douglas*
_____
GREGORY A. DOUGLAS, ESQ.
Attorneys for PLAINTIFF
MARIA GREGORY